UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| KRISTIAN J. DONNELL, SR., | Civil No. 04-5086 (JNE/JGL) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| RED LAKE TRIBE, COURT, CHIEF OF JAIL, | |
| Respondents. | |

Kristian Donnell, Criminal Justice Complex, Highway 1, Red Lake, Minnesota, 56671, Petitioner, pro se.

Attorney Joseph Plumer, Plumer Law Office, 9352 North Grace Lake Road, Bemidji, Minnesota, 56601, for Respondents.

JONATHAN LEBEDOFF, Chief Magistrate Judge

This matter is before the undersigned Magistrate Judge of the District Court on the petition of Kristian J. Donnell, Sr., for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Docket No. 1.)  Respondents have filed a written answer to the petition, (Docket No. 9), contending that this action should be dismissed for several reasons.  The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1.

For the reasons discussed below, the Court finds that Petitioner's habeas corpus petition cannot properly be entertained at this time, because he did not exhaust other legal remedies that were available to him before he commenced this action.  The Court will therefore recommend that this case be DISMISSED without prejudice.

## I. BACKGROUND

At 2:20 a.m. on November 21, 2004, a Tribal Police Officer of the Red Lake Indian Nation observed Petitioner driving a car in the Red Lake Indian Reservation. The Officer stopped Petitioner for speeding, and then noticed that he appeared to be intoxicated. The Officer also noticed that Petitioner had two cans of beer with him in the car. Petitioner was taken to the Red Lake Detention Center for a Breathalyzer test, but he refused to take the test. Petitioner was charged with violating the Red Lake Tribal Code by (1) driving 63 miles per hour in a 50 mile per hour zone; (2) driving while intoxicated; (3) refusing to take a Breathalyzer test; (4) illegally possessing liquor; and (5) trespassing.[1] (Respondents' Affidavit, [Docket No. 10], Exhibit A.)

The following day, November 22, 2004, Petitioner appeared in the Red Lake Tribal Court. At that time, he pleaded guilty to two of the five charges against him – driving while intoxicated, and trespassing. The Tribal Court Judge, Dan Charnoski, accepted Petitioner's guilty plea, and sentenced him to a total of 365 days in jail, "straight time." (Id., Exhibit B.) As far as the Court can tell, Petitioner began serving his sentence immediately, and he has remained in custody at the Red Lake Tribal Jail in Red Lake, Minnesota, at all times since his sentence was imposed.

The Red Lake Tribal Code establishes a "Red Lake Court of Appeals," which purportedly has "exclusive jurisdiction of all appeals form [sic] final orders and judgments of

---

[1] Petitioner apparently was charged with "trespassing" for being present on the Reservation in violation of a Tribal "Order Of Removal," dated February 6, 2003, which required him to stay off the Reservation. (Respondents' Affidavit, [Docket No. 10], Exhibit A.)

the Red Lake Court of Indian Offenses." (Id., Exhibit E, § 101.02 Subd. 3.) A party seeking appellate review of a final Tribal Court judgment, in either a civil or criminal case, must file a written notice of appeal with the Clerk of the Red Lake Court of Indian Offenses within fifteen (15) days from the date of the judgment being appealed. (Id., §§ 101.03 and 101.04, Subd. 1.)

Petitioner did not file a notice of appeal with the Red Lake Court of Appeals with regard to his Tribal Court conviction and sentence of November 22, 2004. Rather than taking an appeal, Petitioner filed his present petition seeking federal habeas corpus relief under 28 U.S.C. § 2241. He is now requesting a writ of habeas corpus that would vacate his Tribal Court conviction and sentence, and cause him to be immediately released from custody. Petitioner claims that the criminal conviction and sentence entered against him by the Red Lake Tribal Court is invalid, because that Court allegedly acted without jurisdiction. He contends that the Tribal Court lacked jurisdiction over him because he is not an Indian.

Petitioner acknowledges that he is, "by blood," one-quarter Indian. His father is one-quarter Red Lake Indian, and is an enrolled member of the Red Lake Band of Chippewa Indians. His mother is one-quarter Assinaboine Indian, and she is an enrolled member of the Assinaboine Sioux Tribe. When Petitioner was still a minor, his father filed an application with the Red Lake Tribal Council seeking to have Petitioner enrolled as a member of the Red Lake Tribe. That application was denied, however, apparently because Petitioner is only one-eighth Red Lake Indian. (Id., Exhibit D.) Petitioner now claims, (without contradiction by Respondents), that he is not, and never has been, an enrolled member of any recognized Indian tribe. He further claims that the "Red Lake Tribal Court lacks jurisdiction over [him] in

3

a criminal prosecution... because he is not an enrolled member of any tribe" and "[h]e is a citizen only of the United States." (Petitioner's "Memorandum" in support of petition, [Docket No. 2], p. 4.)

The Respondents named in the present petition, "Red Lake Tribe, Court, Chief of Jail," have filed a written response to the petition.[2] Respondents contend that this action should be dismissed because (1) federal courts cannot, (or at least should not), exercise jurisdiction over "matters arising in Indian country," (2) Petitioner failed to exhaust his available Tribal Court remedies before seeking federal habeas corpus review, and (3) the Red Lake Tribal Court had jurisdiction over Petitioner's criminal matter, even though he is not an enrolled member of the Tribe, because he is a "non-member Indian." For the reasons discussed below, the Court finds that this action must be dismissed pursuant to Respondents' non-exhaustion argument.

## II. DISCUSSION

### A. Jurisdiction

Defendant initially contends that this action should be summarily dismissed due to lack of subject matter jurisdiction. This argument must be addressed at the outset, as subject matter jurisdiction is a threshold requirement that must always be satisfied before any case

---

[2] Petitioner mentions several additional "Respondents" in his memorandum in support of his petition, (Docket No. 2), including "Tribal Chairman Floyd Jordan," "Tribal Court Judge: Dan Charnoski," and "the Red Lake Chief of Police: Wanda Lyons." Although Petitioner's submissions create some confusion about which parties he actually intended to name as "Respondents," it is not necessary to resolve that issue in order to decide this case. The Court finds, for the reasons discussed hereafter, that Petitioner is not entitled to a writ of habeas corpus, regardless of who actually is the proper Respondent in this matter.

can proceed in federal court.  Turner v. Armontrout, 922 F.2d 492, 493 (8th Cir. 1991) ("[s]ubject matter jurisdiction... is a threshold requirement which must be assured in every federal case"); Fed. R. Civ. P. 12(h)(3) ("[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action").

In this case, Respondents contend that --

"Because unconditional access to a forum other than the tribal court for resolution of disputes arising in Indian country would place that forum in direct competition with the tribal court, thereby diminishing and impairing tribal court authority, and because the adjudicative authority tribal courts exercise is protected from diminishment, non-tribal court action where there is a tribal court with jurisdiction over the matter at issue is precluded by federal law."

(Respondents' Answer, [Docket No. 9], p. 6, [footnotes omitted].)  Based on this declaration of the authority of tribal courts, Respondents contend that the present habeas corpus proceeding must be summarily dismissed for lack of jurisdiction.  The Court disagrees.

While the Court fully appreciates and respects the notion of tribal sovereignty asserted by Respondents, federal law clearly permits the federal courts to exercise habeas corpus review over any tribal court ruling that causes a person to be detained in some fashion.  25 U.S.C. § 1303 states, quite simply and definitively, that "[t]he privilege of the writ of habeas corpus shall be available to any person, in a court of the United States, to test the legality of his detention by order of an Indian tribe."  Because Petitioner is being detained pursuant to the order of an Indian tribe, he is entitled to seek habeas corpus relief in federal court pursuant to § 1303.  That statute clearly provides federal subject matter jurisdiction over Petitioner's current habeas corpus petition.  See Santa Clara Pueblo v. Martinez, 436 U.S. 49, 67 (1978)

5

("[a]fter considering numerous alternatives for review of tribal convictions, Congress apparently decided that review by way of habeas corpus would adequately protect the individual interests at stake while avoiding unnecessary intrusions on tribal governments").

### B. Exhaustion of Tribal Court Remedies

Respondents next contend that this action should be dismissed, without reaching the merits of Petitioner's claims, because Petitioner did not exhaust all of his available tribal court remedies before seeking federal habeas corpus relief. On this point, the Court agrees with Respondents.

Just as state prisoners must exhaust all available state court remedies before seeking federal habeas corpus relief under 28 U.S.C. § 2254, individuals in tribal custody must likewise exhaust all available tribal court remedies before seeking federal habeas corpus relief under § 2241. It appears that the tribal court exhaustion requirement has not always been imposed as stringently as the state court exhaustion requirement; and the Eighth Circuit Court of Appeals has said that the tribal court exhaustion requirement is "not an inflexible one." Necklace v. Tribal Court Of Three Affiliated Tribes, 554 F.2d 845, 846 (1977) (per curiam). However, the Court of Appeals has plainly held that, "as a matter of comity,... tribal remedies must ordinarily be exhausted before a [habeas corpus] claim is asserted" in federal court under 25 U.S.C. § 1303. Id.

Several years after Necklace, the Court of Appeals considered how the exhaustion requirement might have been affected by the Supreme Court's decision in Oliphant v. Suquamish Indian Tribe, 435 U.S. 191 (1978). In Greywater v. Joshua, 846 F.2d 486, 488 (8th Cir. 1988), the Court said "we feel Oliphant's implicit holding is that exhaustion is not a

6

predicate <u>to the exercise of federal court jurisdiction</u> in a [tribal] criminal case <u>where the ultimate sentence may exceed one year imprisonment</u>." (Emphasis added.) Superficially, this statement seems to cast some doubt on the continuing validity of the tribal court exhaustion requirement set forth in <u>Necklace</u>. However, the two underscored sections of the above-quoted part of the <u>Greywater</u> opinion suggest two reasons to believe that the Court of Appeals did not actually intend to abrogate the tribal exhaustion requirement.

First, when the Court said in <u>Greywater</u> that exhaustion "is not a predicate to the exercise of jurisdiction," it may have simply meant that exhaustion is (still) required "as a matter of comity," (as stated in <u>Necklace</u>), but not as a <u>jurisdictional</u> necessity. Second, the Court's statement that exhaustion <u>is not</u> required in cases "where the ultimate sentence may exceed one year imprisonment" suggests that exhaustion <u>is</u> required if the sentence can<u>not</u> exceed one year. That would mean, however, that exhaustion is <u>always</u> required, because tribes can never impose a sentence that exceeds one year. <u>United States v. Bird</u>, 287 F.3d 709, 716, n. 8 (8th Cir. 2002) ("U.S. law prohibits tribal courts from imposing a term of imprisonment in excess of one year and a fine greater than $5000 or both"), citing 25 U.S.C. § 1302(7). In light of these two rather puzzling aspects of the <u>Greywater</u> opinion, and the fact that <u>Greywater</u> includes no direct reference to <u>Necklace</u>, this Court concludes that the exhaustion requirement set forth in <u>Necklace</u> is still "good law" in the Eighth Circuit.

The Court notes that just a few months ago, another district court in the Eighth Circuit also concluded that the <u>Necklace</u> exhaustion requirement remains in full force and effect after <u>Greywater</u>. In <u>Gillette v. Marcellais</u>, No. A4-04-123 (D.N.D. November 22, 2004), 2004 WL 2677268, the Court carefully analyzed <u>Necklace</u> and <u>Greywater</u>, and determined that, even

after Greywater, a defendant in a tribal criminal matter "is required to exhaust his tribal remedies before seeking review from this [federal district] Court by way of a habeas corpus petition filed pursuant to Section 1303." Id. at * 3.

As the Court pointed out in Gillette:

"The rationale behind tribal exhaustion is 'that Congress is committed to a policy of supporting tribal self-government and self-determination.' National Farmers Union [Ins. Cos. v. Crow Tribe, 471 U.S. 845, 856 (1985)]. 'Tribal courts play a vital role in tribal self-government, and the Federal Government has consistently encouraged their development.' Duncan Energy Co. v. Three Affiliated Tribes of Fort Berthold Reservation, 27 F.3d 1294, 1299 (8th Cir.1994) (citing Iowa Mutual Ins. Co. v. LaPlante, 480 U.S. 9, 14 (1987)). Although National Farmers Union discussed the doctrine of tribal exhaustion in the civil setting, the rationale behind the doctrine applies equally in the criminal setting."

Id.

The rationale for the tribal exhaustion requirement discussed in Gillette – i.e., that it enhances tribal self-governance – is fully applicable here. Requiring Petitioner to exhaust his tribal court remedies before coming to federal court acknowledges and advances the principles of tribal sovereignty, independence and self-determination.

The Court has reviewed the unreported "Memorandum Opinion" from In re: Duane Garvais, No. CV-03-0291-JLQ (E.D.Wash. Dec. 2, 2004), which Petitioner submitted as an attachment to his "Response To Respondent's Answer To Petition For Writ Of Habeas Corpus." (Docket No. 11, Exhibit 1.) That opinion states that "this court has ruled that... 25 U.S.C. § 1303... does not require Garvais to first exhaust his challenges in tribal court before seeking habeas relief in this court." (Id. at p. 2.) However, the Judge in the Garvais case did not explain why exhaustion of tribal remedies should not be required – the opinion simply refers to an unidentified prior ruling. In addition, (and perhaps more importantly), the Garvais

8

opinion cited by Petitioner appears to rely entirely on Ninth Circuit case law, while this Court must, of course, follow Eighth Circuit case law – including Necklace. Thus, the Garvais opinion does not persuade this Court to abandon the exhaustion of tribal remedies requirement prescribed by Necklace, and followed in Gillette.[3]

### C. Application Of The Exhaustion Requirement In This Case

Having determined that tribal detainees normally must exhaust their tribal court remedies before seeking federal habeas corpus relief, the Court must next consider whether there is any good reason why the exhaustion requirement should not be applied to this particular case.[4]

As previously noted, the Court of Appeals said in Necklace that the exhaustion of tribal remedies requirement "is not an inflexible one." 554 F.2d at 846. The Court went on to explain that "'[a] balancing process is evident; that is weighing the need to preserve the cultural identity of the tribe by strengthening the authority of the tribal courts, against the need to immediately adjudicate alleged deprivations of individual rights.'" Id., quoting O'Neal v. Cheyenne River Sioux Tribe, 482 F.2d 1140, 1146 (8th Cir. 1973). This description of the exhaustion requirement is consistent with the Supreme Court's observation in National Farmers Union that exhaustion may not be required "where an assertion of tribal jurisdiction

---

[3] See also Lyda v. Tah-Bone, 962 F.Supp. 1434, 1436 (D.Utah 1997) ("habeas corpus relief under 25 U.S.C. § 1303 first requires exhaustion of tribal remedies").

[4] The Court rejects Respondents' suggestion that exhaustion is an absolute jurisdictional requirement that must be fully satisfied in every case. (Respondent's Answer, [Docket No. 9], p. 7.) Necklace clearly indicates that, at least in the Eighth Circuit, exhaustion of tribal remedies is required only "as a matter of comity," and that exhaustion is not necessarily an essential prerequisite in every case. 554 F.2d at 846.

'is motivated by a desire to harass or is conducted in bad faith,' [citation omitted], or where the action is patently violative of express jurisdictional prohibitions, or where exhaustion would be futile because of the lack of an adequate opportunity to challenge the court's jurisdiction." 471 U.S. at 857, n. 21.

In this case, there is nothing to suggest that Petitioner's Red Lake Tribal Court proceedings were tainted by any bias, malice, vindictiveness, or any other improper influence. Nor is there any reason to think that the Tribal Court was unable to properly handle and resolve the charges against Petitioner, as well as his defenses to those charges – including the Tribal Court's alleged lack of jurisdiction. Petitioner does not allege that he was denied an adequate opportunity to defend himself against the charges that were brought against him, and it appears that his guilty plea was entered knowingly and voluntarily.

Furthermore, the Tribal Court's actions in Petitioner's case were not "patently violative of express jurisdictional prohibitions," as hypothesized in National Farmers Union. Petitioner apparently recognizes that if he is considered to be "an Indian," then he is subject to the jurisdiction of the Red Lake Tribal Court, even though he is not a member of the Red Lake Tribe. See Strate v. A-1 Contractors, 520 U.S. 438, 446, n. 5 (1997) ("In Duro v. Reina, 495 U.S. 676, 684-685... (1990), we held that Indian tribes also lack criminal jurisdiction over nonmember Indians. Shortly after our decision in Duro, Congress provided for tribal criminal jurisdiction over nonmember Indians."), citing 25 U.S.C. § 1301(2). Although Petitioner obviously believes that he should not be treated as an Indian, Respondents have offered very persuasive factual and legal arguments to the contrary. (See Respondents' Answer, [Docket No. 10], pp. 10-11.) Therefore, while it may be debatable whether Petitioner is or is not an

Indian, for purposes of determining his amenability to the jurisdiction of Red Lake Tribal Court, it certainly cannot be said the Tribal Court patently violated an "express jurisdictional prohibition."

In sum, Petitioner has not identified any shortcoming in the Tribal Court adjudication process that would warrant federal court interference in that process. Bearing in mind the fundamental rationale for the exhaustion of tribal remedies requirement, i.e., that federal courts should respect and promote the sovereignty and independence of Indian tribes and their courts, this Court concludes that the exhaustion requirement is fully applicable and enforceable in this case.

### D.  Petitioner Cannot Be Excused From The Exhaustion Requirement

The Court has also considered Petitioner's contention that he should be excused from the exhaustion requirement, because his parents allegedly "took a Motion To Vacate the Illegal Sentence to the Court at Red Lake, MN, on June 8, 2004," and they allegedly "were told that the Tribe had no process to deal with an appeal." (Petition, [Docket No. 1], p. 3, ¶ 10; see also Petitioner's "Response to Respondent's Answer [etc.]," [Docket No. 11], p. 1.) Petitioner apparently believes that Respondents should be estopped from asserting non-exhaustion in this case because of what his parents allegedly were told in June 2004. However, the convictions at issue here did not occur until November 2004. Therefore, Petitioner's parents could not have been told anything about appealing those convictions in June 2004.

The Court understands that Petitioner had several encounters with the Red Lake Tribal Court before November 2004. However, the Tribal Court records submitted by Respondents,

11

(Respondents' Affidavit, [Docket No. 10], Exhibit C), reveal that Petitioner did not have any presently appealable charges or convictions as of June 2004. Therefore, if Petitioner's parents were told at that time that he had no right to appeal, that information apparently would have been entirely accurate.

In any event, no qualified tribal official would have told Petitioner's parents that there is <u>never</u> any right to appeal a Red Lake Tribal ruling, when the Tribal Code so clearly creates a court of appeals, and provides for a right of appeal to that court. (<u>Id</u>., Exhibit E.) Thus, the Court finds that Petitioner has not shown any valid reason to excuse him from the exhaustion of tribal court remedies requirement.[5]

### E. Effect Of Petitioner's Failure To Exhaust

The only remaining issue to be resolved is whether this action should be dismissed with or without prejudice. Ordinarily, when a habeas petition is dismissed due to non-exhaustion, the case is dismissed without prejudice, so the petitioner can complete whatever steps may be required to satisfy the exhaustion requirement, and then return to federal court, (if necessary), with a new habeas petition. <u>See</u> <u>Gillette</u>, 2004 WL 2677268 at * 4 ("[o]nce tribal remedies have been exhausted, Gillette may seek redress from this Court").

---

[5] Petitioner has suggested that an evidentiary hearing should be conducted, so he can present evidence pertaining to his parents' communications with Tribal officials. That suggestion is rejected, because Petitioner has not identified any specific evidence that he might present at such a hearing that could affect the resolution of the exhaustion issue. His vague allusion to his parents' attempt to file a motion in June 2004, which obviously did not pertain to the November 2004 proceedings at issue here, is not sufficient to warrant an evidentiary hearing. <u>See</u> <u>Amos v. State of Minnesota</u>, 849 F.2d 1070, 1072 (8th Cir.) (evidentiary hearing need not be conducted if habeas petitioner has not identified specific evidence to be presented, or if evidence to be presented is immaterial because it would not advance his cause even if accepted as true), <u>cert</u>. <u>denied</u>, 488 U.S. 861 (1988).

In this case, Petitioner needs to complete an appeal to the Red Lake Court of Appeals in order to satisfy the exhaustion requirement. However, the Red Lake Tribal Code indicates that a notice of appeal "must be filed within fifteen (15) days from the judgment appealed." (Id., Exhibit E, § 101.04, Subd. 1.) This would seem to indicate that it may now be too late for Petitioner to seek direct appellate review of the Tribal Court judgment at issue here. The Tribal Code authorizes the Red Lake Court of Appeals to alter the time periods for filing briefs and memoranda for appeals,[6] but it is unclear whether that Court has any comparable authority to extend the deadline for filing an appeal.

Out of deference to the Red Lake Tribal Courts, including the Red Lake Court of Appeals, this Court will not attempt to predict whether Petitioner might still be able to seek further relief in the Tribal Courts. The Court will recommend that this action be dismissed without prejudice, so that Petitioner can at least attempt to exhaust his Tribal Court remedies, and then return to federal court, if necessary. If the Red Lake Court of Appeals is still willing to consider Petitioner's challenges to his Tribal Court conviction on the merits, and if that Court rules against him on the merits, Petitioner can then renew his application for federal habeas corpus relief.

On the other hand, if Petitioner's claims cannot be heard and decided on the merits by the Red Lake Court of Appeals, because he did not file a notice of appeal with that Court in a timely manner, (or because of any other procedural bar), then it is highly likely that any future

---

[6] Respondents' Affidavit, (Docket No. 10), Exhibit E, § 101.06 ("Briefs or Memoranda"), Subd. 3 ("With leave of the Court of Appeals and in the interest of justice the time periods set forth in this section may be altered.").

13

habeas action he might attempt to bring would be summarily dismissed on the grounds of procedural default. See Coleman v. Thompson, 501 U.S. 722, 750 (1991) (explaining the doctrine of procedural default as it applies to habeas corpus claims brought by state prisoners); see also Jones v. Jerrison, 20 F.3d 849, 853 (8th Cir. 1994), ("[f]ederal courts will not review a procedurally defaulted claim because 'a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance'"), quoting Coleman, 501 U.S. at 732; Sanchez v. Miller, 792 F.2d 694, 697-99 (7th Cir. 1986) (federal prisoner's § 2241 claim procedurally defaulted where he did not complete administrative appeal process before seeking habeas relief, and the deadline for completing that process expired before habeas petition was adjudicated), cert. denied, 479 U.S. 1056 (1987).

### III. CONCLUSION

Based on the reasoning and legal authorities discussed above, the Court concludes that Petitioner's current habeas corpus petition cannot be entertained at this time, because he failed to exhaust his available Tribal Court remedies before seeking federal habeas review. The Court will therefore recommend that this action be summarily dismissed without reaching the merits of Petitioner's claims. It will be further recommended that this action be dismissed without prejudice, so that Petitioner can attempt to exhaust his Tribal Court remedies, by attempting to return to the Red Lake Court of Appeals and having his claims heard and decided on the merits there.

### IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, (Docket No. 1), be **DENIED**; and

2. This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: August 12, 2005

                                                s/Jonathan Lebedoff

                                                JONATHAN LEBEDOFF
                                                Chief Magistrate Judge

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by August 31, 2005. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit. Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.